```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALEXANDRIA RUDOLPH,
                                                                    18 cv 8472 (PKC)
                        Plaintiff,

        -against-
                                                                    OPINION AND ORDER

HUDSONS BAY CO., SAKS INC., LORD &
TAYLOR LLC and SAKS & COMPANY LLC,

                        Defendants.
-----------------------------------------------------------x
```
CASTEL, U.S.D.J.

        This is a putative class action brought by Alexandria Rudolph relating to a widely publicized data breach occurring on or about March 28, 2018 affecting customers of Saks Fifth Avenue, Lord & Taylor, and Saks OFF 5TH department stores. The action was commenced in the Central District of California on June 8, 2018 and transferred to this District on September 18, 2018. Defendants have filed a motion to dismiss the Second Amended Complaint, which is now fully briefed.

        A group of proposed intervenors, who are plaintiffs in putative class actions against the same named defendants pending in the District of Delaware and the Middle District of Tennessee, seek to intervene in this action so that they may move to dismiss, stay or transfer this action to the District of Delaware. Knight v Saks Incorporated, 18 cv 360 (M.D. Tenn.) (the "Saks Action"); Harris v. Lord & Taylor LLC, 18 cv 521-MN (D. Del.) (the "L&T Action"). They assert, among other things, that that their putative class actions were filed first, encompass all the claims in the instant action and have more plaintiffs. They view Ms. Rudolph's action as a copycat action and suggest that the parties to the instant action are likely

to try to settle the action to the detriment of the proposed intervenors. The Court notes that in both the Delaware and Tennessee actions, defendants have moved for transfer to this District, and that both motions are sub judice.

By the Court's count, at least eight proposed intervenors were plaintiffs in putative class actions previously brought in this District relating to the data breach, all of which were assigned to then-Judge Forrest and voluntarily dismissed in August 2018.[1] Prior to the actions' voluntary dismissal, the plaintiff in Vains v. Hudson's Bay Co. et al., 18 Civ. 3366 (KBF), moved under 28 U.S.C. § 1407 to centralize in this District all pretrial proceedings related to the data breach. The Judicial Panel on Multidistrict Litigation denied the motion on August 1, 2018. In re Hudson's Bay Co. Customer Data Sec. Breach Litig., 326 F. Supp. 3d 1372 (J.P.M.L. 2018). It reasoned that transfer to this District pursuant to section 1404 was preferable to consolidation under the MDL procedure of section 1407, and because "a reasonable prospect" of transfer existed, centralization under section 1407 was not needed. Id. at 1373. Plaintiffs in the prior New York case voluntarily dismissed their actions on August 14 and 15, 2018, and were then named as plaintiffs in the Saks and L&T actions.

Annexed to the proposed intervenors' pre-motion letter is their proposed motion to intervene (as of right or, alternatively, permissively) and to dismiss or transfer. Ms. Rudolph and the defendants oppose intervention.

The Court will deem only so much of the proposed motion as seeks to intervene as having been made. As such it will be denied.

---

[1] See Tafet et al. v. Hudson's Bay Co. et al., 18 Civ. 2980 (KBF) (proposed intervenors Jane Lefkowitz, Hope Tafet and Leslie Levitt-Raschella); Vains v. Hudson's Bay Co. et al., 18 Civ. 3366 (KBF) (proposed intervenor Latusha Vains); Carthan et al. v. Hudson's Bay Co. et al., (18 Civ. 4288) (KBF) (proposed intervenors Debbie Carthan and Mark Wade); Harris v. Saks Fifth Avenue LLC et al., 18 Civ. 3514 (KBF) (proposed intervenor Julia Harris); and Joseph v. Saks Inc. et al., 18 Civ. 4563 (KBF) (proposed intervenor Cassondra Joseph).

STANDARDS FOR INTERVENTION AS OF RIGHT AND PERMISSIVELY

A court must permit a person to intervene as of right if the person "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(a)(2), Fed. R. Civ. P.; see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006). The right to intervene is asserted "[o]n timely motion," and a court has "broad discretion in assessing the timeliness of a motion to intervene" in light of "the totality of the circumstances." In re Holocaust Victim Assets Litig., 225 F.3d 191, 198 (2d Cir. 2000).

A court may allow "anyone" to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B), Fed. R. Civ. P. The district court's discretion on a permissive intervention motion is "very broad." H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986). Rule 24(b)(3) requires a court in exercising discretion to consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. "Additional relevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." H.L. Hayden Co., 797 F.2d at 89 (quotation marks omitted).

DISCUSSION.

  A. <u>The Motion to Intervene Is Untimely.</u>

  As an initial matter, the motion to intervene is untimely, and "an untimely motion to intervene must be denied." <u>Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets</u>, 847 F.2d 1038, 1043 (2d Cir. 1988). Non-exhaustive factors that guide a timeliness analysis include "(1) the length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness." <u>Id.</u> at 1044.

  The present action was filed on June 8, 2018 and transferred to this District on September 18, 2018. (Docket # 1, 46.) There is little doubt that the proposed intervenors have been aware of the pendency of this action since its inception but have waited until the filing of a fully-briefed motion to dismiss to speak up. Given that the proposed motion seeks intervention for the purpose of staying, transferring or dismissing this action, a delay of nearly nine months renders the motion untimely.

  In urging that the motion is timely, the intervenors state only that "their motion is timely in that Defendants' motion to dismiss and motions to transfer are currently pending in, respectively, the *Rudolph* and Intervenors' Actions." (Docket # 87 at 2; <u>see also</u> 87-1 at 8.) That does not explain why the proposed intervenors waited for more than nine months after the filing of this action to seek intervention. This case has progressed through defendants' successful transfer motion, the filing of two amended pleadings and full briefing on defendants' motion to dismiss. The proposed intervenors do not claim that they were unaware of this case, and their delay in seeking intervention to seek a stay or dismissal would prejudice

4

the parties by causing an indeterminate delay in the adjudication of the motion to dismiss. The proposed intervenors have not identified unusual circumstances to be weighed in a timeliness analysis, and, for reasons that will be explained, have not persuasively identified what prejudice they would suffer if the motion is denied.

The motion to intervene is therefore denied on timeliness grounds.

B. The Proposed Intervenors Have Not Articulated a Substantial or Direct Interest in the Action.

The proposed intervenors' case for intervention, as of right and permissively, is substantially overblown. No class has been certified in the instant action, nor in the Saks Action in Tennessee or the L&T Action in Delaware. It is unlikely that this Court (or any other district court) would certify two substantially overlapping class actions.

The proposed intervenors assert that they have a clear interest in this action because they may be members of a potential class. (Docket # 87-1 at 8.) But if the parties to the instant action endeavored to settle it on a class-wide basis, the proposed intervenors would have the right to opt out of the class. If they elected to stay in the class, they would have the right to object to the settlement. In re Bank of Am. Corp. Sec., Derivative, & Employee Ret. Income Sec. Act (ERISA) Litig., 2012 WL 1674299, at *3 (S.D.N.Y. May 14, 2012) ("[T]he Proposed Intervenors have not adequately explained why intervention is required to protect their interests, as distinguished from exercising their rights as objectors under Rule 23.1."). Their interests are well protected.

At present, the lawyers in each of the three putative class actions have only individual named plaintiffs as clients. Of course, wise case management would also counsel in favor of coordination of discovery in the three actions and, perhaps, a discretionary stay if one

5

of the courts was on the eve of deciding a merits-based motion. No trial is in sight for any of the cases.

With regard to intervention as of right, the right to opt out of a class or object to a settlement means that the proposed intervenors will have the ability to protect their interests without intervention. The assertion that Ms. Rudolph and her counsel will not adequately protect their interests because, among other things, the refusal of her counsel to work with counsel in the other two actions, shows little of relevance. (Intervenors' Mem. at 9.) "And to the extent that the . . . plaintiffs do have an interest in the action as members of the putative class, class certification would necessarily imply adequate representation." Mejia v. Time Warner Cable Inc., 2017 WL 3278926, at *18 (S.D.N.Y. Aug. 1, 2017) (Oetken, J.).

With regard to permissive intervention, proposed intervenors offer no promise of insights on the legal or factual merits of the claims in the instant action. See H.L. Hayden Co., 797 F.2d at 89. Their interest is in dismissing the instant action or transferring it where it can be consolidated with (or stayed in favor of) a pending action in which their lawyers are lead counsel.

The proposed intervenors also urge that pursuant to the first-filed rule, they should be permitted to intervene to pursue the dismissal, stay or transfer of this action. "As a general rule, where there are two competing lawsuits, the first suit should have priority." Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 274-75 (2d Cir. 2008) (quotation marks and alteration omitted). The first-filed rule "is only a presumption," and it seeks to avoid duplicative litigation and "honor[ ] the plaintiff's choice of forum." Id. at 275 (quotation marks omitted). It may not apply where a "balance of conveniences" or "special circumstances" warrant giving priority to the second suit. Id.

The balance of conveniences weighs against application of the first-filed rule. The corporate defendants maintain their principal places of business in New York. (Second Am. Compl't ¶¶ 29, 32.) All defendants urge that this action is properly brought in New York. (Docket # 88.) Eight of the proposed intervenors initially filed their claims in New York. This case has advanced to a more advanced stage than either the Tennessee or Delaware actions. Motions to transfer those actions to this District are currently pending.

The Court concludes that intervention will both delay and prejudice the adjudication of Ms. Rudolph's claim. Intervention will not contribute to the just and equitable adjudication of the legal and factual claims. The proposed intervenors' application is therefore DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 29, 2019