**F&F FARUQI & FARUQI LLP** ATTORNEYS AT LAW    NEW YORK    CALIFORNIA    DELAWARE    PENNSYLVANIA    GEORGIA

TIMOTHY J. PETER
tpeter@faruqilaw.com

April 12, 2019

**Via ECF**

Honorable P. Kevin Castel
United States District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 11D
New York, NY 10007

> Motion DENIED without prejudice. At this stage there is no certified class and Faruqi & Faruqi are the only counsel for Ms. Rudolph. SO ORDERED.
> Dated: 5/8/2019
>
> /s/ P. Kevin Castel
> P. Kevin Castel
> United States District Judge

Re: *Alexandria Rudolph v. Hudson's Bay Co., et al.*, No. 1:18 cv 8472(PKC)

Dear Judge Castel:

We represent Plaintiff Alexandria Rudolph in the above-referenced matter. We write pursuant to Section 3.A of Your Honor's Individual Practices, in advance of Plaintiff's anticipated Motion for Appointment of Interim Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3). There is presently no scheduled conference in this matter. For the reasons set forth below, Plaintiff respectfully requests appointment of her counsel – Faruqi & Faruqi, LLP – as interim lead class counsel. Plaintiff's counsel has met and conferred with counsel for Defendants, and Defendants have indicated that they take no position on the appointment of Faruqi & Faruqi, LLP as interim lead class counsel.

**Factual and Procedural Background.** Plaintiff brought this putative class action against Defendants for their failure to secure and safeguard their customers' credit and debit card data in connection with a nearly yearlong data security incident. From the inception of the Action, Plaintiff and her undersigned counsel, Faruqi & Faruqi, LLP ("F&F"), have been pushing this litigation forward to pursue and protect the interests of the putative class. On September 27, 2018 and then again on November 12, 2018, Plaintiff filed amended complaints, setting forth her and the putative class members' allegations against Defendants (ECF Nos. 55 & 75). On November 8, the parties met and conferred on a proposed Case Management Plan. On November 19, 2018, the Parties appeared before the Court for an Initial Pretrial Conference. ECF No. 77. Since the Initial Pretrial Conference, Defendants have filed a Motion to Dismiss (ECF No. 80), which Plaintiff has opposed. The Parties have also requested that discovery proceed while the Motion to Dismiss is pending, a request which the Court approved. ECF No. 79. Since then, discovery has been ongoing in the letter and spirit of Local Civil Rule 26.4.

Nonetheless, F&F's efforts may be jeopardized by other plaintiffs ("Proposed Intervenors") and their counsel, a group of over a dozen law firms,[1] in similar actions against

---
[1] Based on a review of the most recent pleadings filed in the Other Actions (defined *infra*).



Honorable P. Kevin Castel
April 12, 2019
Page 2

Defendants in other courts.[2] On March 19, 2019, without first contacting F&F, Proposed Intervenors filed a pre-motion letter in this Court, seeking to intervene into this Action and thereafter dismiss, stay, and transfer the Action. ECF No. 87. After opposition by both Plaintiff and Defendants in this Action, on March 29, 2019, this Court denied the proposed motion to intervene. ECF No. 90.

While this Action has proceeded substantially, the Other Actions have not. In nearly one year of litigation,[3] the parties in the Other Actions have been fighting exclusively over venue. Motions to transfer those actions to this District have been filed and are currently pending. If those motions are granted (which Plaintiff believes is likely), the Other Actions will be transferred to this District and may be consolidated with this Action pursuant to this District's Rules For The Division Of Business Among District Judges, 13(b)(2). Such an outcome may have adverse consequences, discussed *infra*.

**Legal Standard.** Pursuant to Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts will generally appoint interim class counsel under Rule 23(g)(3) when there are "a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated," with multiple attorneys vying for class counsel appointment. Federal Judicial Center, *Manual for Complex Litigation* ("*Manual*") § 21.11 (4th ed. 2004). In such circumstances, the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.*; *see also Sullivan v. Barclays PLC*, No. 13 CIV. 2811 PKC, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (Castel, J.) ("In such circumstances, the appointment of interim class counsel can be a valuable case-management tool that also helps safeguard the interests of the class.").

In assessing whether to appoint counsel as interim class counsel, courts typically consider the following factors: "'(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]'" *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 23(g)(1)(A)). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B).

As set forth below, consideration of each Rule 23(g)(1) factor, as well as the circumstances surrounding this Action, favor appointing F&F as interim lead class counsel.

---

[2] Those two actions are: (1) *Knight et al. v. Saks Incorporated*, No. 3:18-cv-00360, pending in the Middle District of Tennessee; and (2) *Harris et al. v. Lord & Taylor, LLC*, C.A. No. 1:18-cv-00521-MN, pending in the District of Delaware (collectively the "Other Actions").
[3] The first action filed by any plaintiff in the group of Proposed Intervenors was filed in this District on April 4, 2018. *Ses Tafet, et al., v. Hudson's Bay Company, et al.,* No. 1:18-cv-02980 (S.D.N.Y. Apr. 4, 2018).

FARUQI & FARUQI LLP
ATTORNEYS AT LAW

Honorable P. Kevin Castel
April 12, 2019
Page 3

**F&F Meets The Rule 23(g)(1)(A) Factors.** Each of the Rule 23(g)(1)(A) factors support appoint of F&F as interim lead class counsel.

*First*, F&F has invested substantial time and effort researching and investigating the Saks data breach before filing Plaintiff's first iteration of the Complaint. Indeed, instead of "rushing to the courthouse" and filing a complaint without adequate investigation, F&F thoroughly investigated the data security incident and Plaintiff's claims for more than two months before filing suit. Among other things, F&F thoroughly investigated the facts of the incident, Defendants' privacy policies, Defendants' corporate structure and securities filings, Defendants' prior data security failures, recent developments in data security laws and industry standards, and Plaintiff's specific facts and claims.

*Second and third*, F&F has extensive experience and knowledge in consumer class action litigation, particularly in the realm of data breaches. Notably, F&F has been appointed interim class counsel in *In re: Arby's Restaurant Group, Inc. Data Security Litigation*, another data breach case in which the Northern District Of Georgia recently granted preliminary approval of a class-wide settlement. F&F has also served as co-lead counsel in cases following data breaches at Wendy's restaurants and Home Depot. *See In re The Home Depot, Inc. S'holder Derivative Litig.*, Lead Case No. 1:15-cv-2999-TWT (N.D. Ga.) (F&F obtaining settlement which included various corporate governance reforms by Home Depot, recognized by Bloomberg BNA as a "corporate security governance improvement blueprint for other companies."[4]); *In re Wendy's Co. S'holder Derivative Action*, No. 1:16-cv-1153 (S.D. Ohio). Furthermore, F&F has been appointed lead or co-lead counsel in numerous other consumer class cases. *See, e.g., In re Scotts EZ Seed Litig.*, No. 7:12-cv-4727 (VB) (S.D.N.Y. 2012) (F&F obtaining class-wide relief valued at approximately $48 million on behalf of New York and California classes); *Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2018 WL 4952519, at *21 (N.D. Cal. Sept. 25, 2018) (appointing F&F as class counsel, noting that "[p]laintiffs have retained highly capable counsel with extensive experience in successfully prosecuting consumer class actions."). The qualifications of F&F are further supported by F&F's firm resume, attached hereto as Exhibit A. Accordingly, F&F possesses the requisite experience and knowledge to lead this action.

*Finally*, F&F is prepared to invest the time and resources to ensure the proper resolution of this action. F&F has already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of the class members. The firm has spent significant time and resources thoroughly investigating, developing, and gathering evidence. Going forward, F&F will continue to staff this case with experienced lawyers to conduct discovery, engage in motion practice, and assist in potential resolution of this matter. As lead interim class counsel, F&F will continue to commit the same resources and effort to this case as they have committed to their other, successful cases. *See* Exhibit A.

**The Circumstances Of This Action Also Warrant Appointment of Interim Lead Class Counsel.** Appointment of F&F as interim lead class counsel here is especially appropriate given the posture of the Action and the risk of poor case management if the Other Actions are transferred

---

[4] Daniel R. Stoller, *Home Depot Builds a Data Breach Settlement Blueprint*, Bloomberg BNA, May 3, 2017, https://www.bna.com/home-depot-builds-n57982087456/.



Honorable P. Kevin Castel
April 12, 2019
Page 4

to this District. As discussed above, this Action has progressed substantially since its inception, with Defendants' Motion to Dismiss fully briefed and the Parties commencing discovery in an effort to facilitate potential resolution. Courts have recognized "the need to protect the 'integrity of the settlement process'" as a reason to appoint interim class counsel. *Friedman v. Guthy-Renker LLC*, 2:14-cv-06009-ODW(AGRx), 2016 WL 2758240, at *2 (C.D. Cal. May 12, 2016); *see also Manual* at § 21.11.

With the duplicative Other Actions in Tennessee and Delaware on the brink of transfer to this District, the efficient flow and management of this Action are at significant risk. If the cases are transferred and consolidated in this District, counsel for the Proposed Intervenors may seek to restart this litigation by seeking leave to file an amended consolidated complaint, renewing Defendants' Motion to Dismiss, and halting or restarting discovery. Bringing to light this risk of inefficiency is Proposed Intervenors' counsel's litigation strategy thus far in the Other Actions. As discussed in more detail in Plaintiff's Response Letter to Proposed Intervenors' Pre-Motion Letter (ECF No. 89), some of the Proposed Intervenors had filed their original actions in this District, subsequently chose to abandon this District, and then sought to prohibit Plaintiff and F&F from pursuing this Action in this District.

Of particular importance is also the fact that Proposed Intervenors' counsel likely consists of a group of more than a dozen different law firms working the cases. Courts have declined to appoint counsel groups of such size due to risks of inefficiency and increased costs. *See, e.g.*, *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006) (declining to appoint one group of counsel as interim lead class counsel when the group "appears to the court to be too large and therefore runs the risk of both inefficiency and unnecessary expense") (citing *Manual* at § 10.22); *Michelle v. Arctic Zero, Inc.*, No. 12CV2063-GPC NLS, 2013 WL 791145, at *4 (S.D. Cal. Mar. 1, 2013) (declining to appoint leadership group of five firms as interim lead class counsel, noting that "[c]ommittees of counsel can sometimes lead to substantially increased costs") (citing *Manual* at § 10.221). Although the issues in this Action are relatively complex, given its extensive experience and knowledge in the field, F&F is well prepared to efficiently litigate this Action on its own. *See supra*.

The foregoing risks of inefficiency are not in the best interest of the putative class. Appointment of F&F will ensure that this action proceeds justly on its current efficient track until resolution. Accordingly, Plaintiff respectfully requests that this Court issue an order appointing F&F interim lead class counsel. Although Defendants take no position on this request, if the Court finds that a formal motion and briefing would be appropriate, Plaintiff proposes that she file her Motion for Appointment of Interim Lead Class Counsel by no later than April 24, 2019.

Respectfully submitted,

*/s/ Timothy J. Peter*
Timothy J. Peter

c:  All counsel of record (via ECF)