UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ARKANSAS FEDERAL CREDIT UNION, et al.,

                Plaintiffs,

                                                          19-cv-4492 (PKC)

      -against-

                                                          OPINION AND ORDER

HUDSON'S BAY COMPANY,

                Defendant.
-----------------------------------------------------------x

IN RE HUDSON'S BAY COMPANY DATA
SECURITY INCIDENT CONSUMER                 18-cv-8472 (PKC)
LITIGATION.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The motions for preliminary approval of class action settlements in the above-captioned cases will be granted with modification.

        A district court has the "'duty to act as a fiduciary who must serve as a guardian of the rights of absent class members . . . .'" In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig., 772 F.3d 125, 134 (2d Cir. 2014) (quoting McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 419 (2d Cir. 2010)). "In the unique circumstance of a fairness hearing, the Court should consider all meritorious arguments brought to its attention." City of Livonia Employees' Ret. Sys. v. Wyeth, 2013 WL 4399015, at *11 (S.D.N.Y. Aug. 7, 2013) (Sullivan, J.). "One hallmark of a reasonable settlement agreement is that it makes participation as easy as possible, whether class members wish to make a claim, opt out, or object." McClintic v. Lithia Motors, Inc., 2012 WL 112211, at *6 (W.D. Wash. Jan. 12, 2012). "'There should be no unnecessary hurdles that make it difficult for class members to exercise

their rights to opt out, object, submit a claim, or make an appearance.'" City of Livonia, 2013 WL 4399015, at *10 (quoting Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, 3 (2010)).

The proposed Orders of Preliminary Approval submitted by plaintiffs would have required objectors to submit detailed background information about themselves and their legal counsel, including information about fee arrangements, their historical participation in class action settlements and evidentiary summaries. The proposed requirements would have needlessly frustrated and discouraged objections to the settlement, with no countervailing benefits to the Court or the class.

The parties' proposed Orders of Preliminary Approval will therefore be granted with modification to the procedures for objecting. All notices to class members shall conform to the objection procedures set forth in the Orders of Preliminary Approval.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 22, 2021