UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HUDSON'S BAY COMPANY DATA SECURITY INCIDENT CONSUMER LITIGATION | Case No. 1:18-cv-08472 (PKC) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**

Plaintiffs Debbie Carthan, Bernadette Beekman, Julia A. Harris, Cassondra Joseph, Margo Kyler Knight, Jane Lefkowitz, Leslie Levitt-Raschella, Kelly Whitaker (formerly known as Kelly McGurn), Dennis Meduri, Giorgina Meduri, Greta Moss, Alexandria Rudolph, Jeanne Sacklow, Erika Targum, and Mark Wade (collectively, "Plaintiffs") respectfully submit this Supplemental Memorandum of Law in Support of Plaintiffs' Unopposed Motions for Final Approval of Class Action Settlement, and Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards (collectively, the "Motions") (ECF Nos. 183, 185).[1]

## I.   INTRODUCTION

As demonstrated in the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (*see* ECF No. 184) (the "Settlement Motion"), this proposed class action settlement is an excellent result for the Settlement Class and should receive final approval.  The Settlement provides significant economic relief which compensates customers of defendants Hudson's Bay Company ULC ("HBC") (formerly known as Hudson's Bay Company), Saks Incorporated, Saks Fifth Avenue LLC, Saks & Company LLC, and Lord & Taylor LLC (collectively, "Defendants") for the time and money spent, and expenses incurred, arising out of the Security Incident.  Specifically, Settlement Class Members who submit valid Claim Forms and sufficient proof of a valid transaction are entitled to a $30 payment for time spent monitoring their Payment Card statements or taking other steps in response to the Security Incident.  In addition, Settlement Class Members who sufficiently document unreimbursed additional out-of-pocket losses stemming from the Security Incident may be eligible for a payment capped at $5,000.  Collectively, Settlement Class Members can receive up to $2,000,000 from the Settlement.

---

[1] All capitalized terms used and not otherwise defined herein have the definitions set forth in the Settlement Agreement and Release, attached as Exhibit A to the Joint Declaration of Janine L. Pollack and Timothy J. Peter in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.  *See* ECF No. 177-1 ("Settlement Agreement").

1

The Settlement Agreement also provides significant structural relief to better protect HBC's customers' Personal Information in the future. This includes HBC agreeing to, *inter alia*: (1) hire a qualified security assessor to assess compliance with data security standards on an annual basis; (2) conduct annual testing of potential vulnerabilities in protection of Payment Card information and remediate any such vulnerabilities; and (3) operate a system that is designed to encrypt or tokenize Payment Card information at the pin pad level of the point of sale terminals in stores or otherwise renders payment card information unreadable at the pin pad level using a method like encryption or tokenization that is approved under PCI standards. *See* Settlement Agreement ¶ 2.5.[2] These meaningful changes to HBC's data security measures provide tangible benefits to Settlement Class Members, dramatically reducing the risk of future fraud and identity theft. Notably, according to HBC, the value of this relief is in excess of $20 million for these important security measures.

Pursuant to the Court-approved Notice Plan (described more fully below), the notice reached at least 70% of the certified Settlement Class, with 22,149,773 total impressions (*i.e.*, the number of times the content (notice) was displayed). Settlement Class members had until November 19, 2021 to both object and opt out of the Settlement Class. That date has passed and the reaction from the Class has been overwhelmingly positive. Specifically, zero Settlement Class members have objected. In addition, zero Settlement Class Members have requested to be excluded from the Settlement. This strongly supports that the Settlement is fair, reasonable and adequate and warrants final approval.

As demonstrated in the Settlement Motion, the Settlement Agreement, which was the product of extensive arm's-length negotiations between experienced attorneys and the assistance

---

[2] Additionally, pursuant to the Settlement Agreement, Defendants provided written confirmation to Class Counsel that the items in the PFI report related to the Security Incident were completed and have not been reversed.

of a highly respected and experienced class action mediator, the Honorable Diane Welsh (Ret.), satisfied the standards set forth by the Second Circuit for weighing the procedural and substantive fairness of a class settlement, including in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d 1973), *abrogated on other ground by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), as well as the factors enumerated by Federal Rule of Civil Procedure 23(e)(2). These factors weigh strongly in favor of final approval of the Settlement. Further, the reaction of the Class to the Settlement was unanimously positive, with no Settlement Class Members objecting or opting out of the Settlement. Thus, the Settlement is fair, reasonable, and adequate, and warrants this Court's final approval.

As also demonstrated in the Memorandum of Law in Support of their Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards (ECF No. 186) (the "Fee and Expense Motion"), and as confirmed by the lack of objections and opt outs, Plaintiffs respectfully submit that the requested attorneys' fees, expenses and Service Awards are fair and reasonable and should be approved by the Court.

## II. THE REACTION OF THE SETTLEMENT CLASS OVERWHELMINGLY SUPPORTS APPROVAL OF THE MOTIONS

### A. Notice Provided to the Settlement Class

Plaintiffs and Class Counsel respectfully submit that their prior submissions demonstrate that the Motions should be granted. Now that the time to object and opt out has expired following implementation of a robust Notice Plan, the lack of any objections or opt outs from the Settlement Class provides additional support for the Motions.[3]

The Notice Plan was fully carried out by professional settlement administrator Analytics Consulting LLC ("Analytics"). *See* Supplemental Declaration of Richard W. Simmons ("Supp.

---

[3] The last day for Settlement Class Members to file claims is January 31, 2022.

3

Simmons Decl.") (ECF No. 189). Specifically, Analytics included: (1) paid advertisements using internet banner notice ads to directly target Class Members regarding the Settlement; (2) a nationwide press release via PR Newswire's distribution, with a potential audience of approximately 132,000,000 individuals; (3) a dedicated settlement website, www.hbcsettlement.com, where Class Members can file claims and receive other Court documents;[4] and (4) a monitored email address and dedicated toll-free support line for Class Members' inquiries. *See id.* ¶¶ 4, 7, 10, and 12. The Notice Plan reached at least 70% of the Settlement Class, with 22,149,773 total impressions (compared to intended 22,100,000 impressions). *See id.* ¶ 15.

### B. The Lack of A Single Objection or Opt Out Supports Approval of the Motions

The reaction from the Class was overwhelmingly positive: <u>zero</u> Settlement Class members objected to the Settlement, attorneys' fees, expenses or Service Awards. *See* Second Supplemental Declaration of Richard W. Simmons ("Second Supp. Simmons Decl.") ¶ 4 (ECF No. 220). In fact, <u>zero</u> Settlement Class Members have requested to be excluded from the Settlement. *See id.* ¶ 3.

"[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). As such, the lack of any objections or opt outs here strongly supports that the Settlement is fair, reasonable and adequate. *See Story v. SEFCU*, No. 1:18-CV-764 (MAD/DJS), 2021 WL 736962, at *8 (N.D.N.Y. Feb. 25, 2021) ("To date, six Class Members have opted out of the settlement and there have been no objections. As such, this factor favors final approval.") (citation omitted); *Wright v. Stern*, 553 F. Supp. 2d 337, 345 (S.D.N.Y.

---

[4] Recognizing the increasingly mobile nature of advertising and communications, the Website was mobile optimized, meaning it can be clearly read and used by Class Members visiting the Website via smart phone or tablet. Over 64% visited this website on a mobile device (smart phone or tablet). *See id.* ¶ 5.

2008) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness); *Baudin v. Res. Mktg. Corp., LLC*, No. 1:19-cv-386 (MAD/CFH), 2020 WL 4732083, at *7 (N.D.N.Y. Aug. 13, 2020) ("The lack of class member objections may itself be taken as evidencing the fairness of a settlement.") (internal quotation marks omitted); *Bryant v. Potbelly Sandwich Works, LLC*, No. 1:17-cv-07638 (CM) (HBP), 2020 WL 563804, at *3 (S.D.N.Y. Feb. 4, 2020) (holding that when "[t]he settlement was [] approved by 100% of the eligible settlement participants," the "positive response to the settlement strongly favors judicial approval."). "The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. Nov. 26, 2018), *aff'd*, 822 F. App'x 40 (2d Cir. 2020).[5]

The lack of objections and opt outs also strongly supports that the attorneys' fees, expense and Service Award requests are fair and reasonable. *See, e.g., In re Veeco Instruments Inc. Sec Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (internal quotation marks omitted); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (the lack of any objection to the fee request supported its approval). Accordingly, Plaintiffs respectfully request that the Court grant payment of $1,346,799.40 for Plaintiffs' Counsel's attorneys' fees, $53,200.60 for reimbursement of litigation expenses, and $1,000 to each of the 15

---

[5] *Accord, e.g., In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013); *In re Bisys Sec. Litig.*, No. 04 Civ. 3840(JSR), 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007). Although a "'certain number of objections are to be expected in a class action with an extensive notice campaign and a potentially large number of class members,'" *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB) (JO), 2019 WL 6875472, at *16 (E.D.N.Y. Dec. 16, 2019) (quoting 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 11.41, at 108 (4th ed. 2002), "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the Settlement.'" *Id.* (quoting *Wal-Mart*, 396 F.3d at 118).

Plaintiffs (totaling $15,000) as Service Awards for their efforts and contributions to this Litigation, all of which is to be paid separately by Defendant HBC and not out of the monetary relief afforded to the Settlement Class.

### III.   CONCLUSION

For the reasons above, and the reasons set forth in the Motions, Plaintiffs respectfully request that the Court grant their Motions by granting final approval to the Settlement and awarding the requested attorneys' fees, expenses and Service Awards.

DATED:  December 17, 2021

*/s/ Timothy J. Peter*
Timothy J. Peter (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
1617 JFK Boulevard, Ste. 1550
Philadelphia, PA  19103
Tel: (215) 277-5770
Fax: (215) 277-5771
tpeter@faruqilaw.com

Janine L. Pollack
Michael Liskow
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073
jpollack@calcaterrapollack.com
mliskow@calcaterrapollack.com

**Interim Co-Lead Counsel for Plaintiffs and the Class**

**FARUQI & FARUQI, LLP**
Nina Varindani (NV-1090)
685 Third Avenue, 26th Fl.
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
Email: nvarindani@faruqilaw.com

Charles J. Hecht
**CHARLES HECHT P.C.**
45 East 66th Street-Unit 5E
New York, New York 10065
Tel: (917) 533-4442
cjhecht1@aol.com

Anthony Parkhill
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Tel: (312) 621-2000
Fax: (312) 641-5504
a.parkhill@barnowlaw.com

Melissa R. Emert
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY 10977
Tel: (866) 896-0935
memert@kgglaw.com

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com

Jeffrey S. Goldenberg
**GOLDENBERG SCHNEIDER, LPA**
One West Fourth Street, 18th Floor
Cincinnati, OH 45202
Tel: (513) 345-8297
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

Gary Mason
**MASON LIETZ & KLINGER, LLP**
5101 Wisconsin Avenue NW
Suite 305
Washington, DC 20016
Tel: (202) 640-1168
Fax: (202) 429-2294
gmason@masonllp.com

Laurence D. King
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, New York 10022
Tel: (212) 687-1980
Fax: (212) 687 7714
lking@kaplanfox.com

John A. Yanchunis
Ryan Mcgee
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Fax:  (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Jean Sutton Martin
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
2018 Eastwood Road Suite 225
Wilmington, NC 28403
Tel: (813) 559-4908
Fax: (813) 222-4795
jeanmartin@forthepeople.com

Mark Rifkin
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
rifkin@whafh.com

Lynda J. Grant
**THE GRANT LAW FIRM, PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel: (212) 292-4441
Fax: (212) 292-4442
lgrant@grantfirm.com

Ralph N. Sianni
**ANDERSON SLEATER SIANNI, LLC**
2 Mill Road
Suite 202
Wilmington, DE 19806
Tel: (302) 510-8528
Fax: (302) 595-9321
rsianni@andersensleater.com

Kevin H. Sharp
**SANFORD HEISLER SHARP, LLP**
611 Commerce Street
Suite 3100
Nashville, TN 37203
Tel: (615) 434-7000
Fax: (615) 434-7020
ksharp@sanfordheisler.com

Aaron L. Brody
**STULL, STULL & BRODY**
6 East 45th Street
Fifth Floor
New York, New York 10017
abrody@ssbny.com

Jason P. Sultzer
**THE SULTZER LAW GROUP, P.C.**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 244-5595
Fax: (888) 749-7747

**Counsel for Plaintiffs and the Class**