UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HUDSON'S BAY COMPANY DATA SECURITY INCIDENT CONSUMER LITIGATION | Case No. 1:18-cv-08472 (PKC) |

**PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF <u>EXPENSES, AND SERVICE AWARDS</u>**

Plaintiffs Debbie Carthan, Bernadette Beekman, Julia A. Harris, Cassondra Joseph, Margo Kyler Knight, Jane Lefkowitz, Leslie Levitt-Raschella, Kelly Whitaker (formerly known as Kelly McGurn), Dennis Meduri, Giorgina Meduri, Greta Moss, Alexandria Rudolph, Jeanne Sacklow, Erika Targum, and Mark Wade (collectively "Plaintiffs") respectfully submit this Second Supplemental Memorandum of Law in Further Support of Motions for Final Approval of Class Action Settlement (the "Motion for Final Approval") and Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards (the "Fee Motion"). The proposed Settlement Agreement between Plaintiffs and Hudson's Bay Company ULC ("HBC") (formerly known as Hudson's Bay Company), Saks Incorporated, Saks Fifth Avenue LLC, Saks & Company LLC, and Lord & Taylor LLC (collectively, "Defendants") provides: (1) substantial monetary benefits to the Settlement Class[1]; and (2) that Defendants make costly and wide-ranging changes to their data security practices that will benefit the Settlement Class and the public.[2] Not including the injunctive relief portion, the Settlement has a total value of $3,665,000.

At this time, the claims review process is complete. However, the parties are pleased to inform the Court that thanks to some additional information provided by the Settlement Administrator, they have renegotiated certain terms in the Settlement Agreement and have now addressed the Court's concerns regarding the requirement of mailing undocumented claims. These changes have resulted in a material increase in the claim rate and enhancement of the Settlement as described more fully below. As such, Plaintiffs respectfully request that the Court approve the

---

[1] All capitalized terms used and not otherwise defined herein have the definitions set forth in the Settlement Agreement. *See* ECF No. 177-1.

[2] For a detailed account of the factual and procedural background of this case, and the terms of the Settlement Agreement, Class Counsel refer the Court to the Motion for Final Approval, and the Joint Declaration of Janine L. Pollack and Timothy Peter ("Joint Decl.") ECF No. 187.
.

1

Settlement as fair, reasonable and adequate.

**THE CLAIMS REVIEW IS COMPLETE AND THE NEGOTIATED REVISIONS TO THE SETTLEMENT AGREEMENT TO ACCEPT ADDITIONAL TIER 1 CLAIMS HAVE MATERIALLY ENHANCED THE SETTLEMENT, INCLUDING ADDRESSING CONCERNS RELATED TO THE MAILING REQUIREMENT AND INCREASING THE NUMBER OF CLAIMS**

On January 11, 2022, the parties, through counsel, appeared before this Court for the Final Approval Hearing on the proposed Settlement in this case (the "January 11 Final Approval Hearing"). The parties responded to questions by the Court and the Court continued the Hearing to March 1, 2022 (the "March 1, 2022 Hearing"), in order to allow the parties to submit additional information for the Court's consideration. *See* Minute Entry, Jan. 11, 2022; Jan. 11, 2022 Final Hearing Transcript attached as Exhibit A to the Declaration of Timothy J. Peter ("Peter Decl.") (ECF No. 228). The parties submitted such additional information to the Court on February 18, 2022. *See* Supplemental Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 226) (filed by Defendants); Plaintiffs' Supplemental Memorandum of Law in Further Support of Motions for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards ("Plaintiffs' Supplemental Memo.") (ECF. No. 227); various declarations and information in the Peter Decl.; Fourth Supplemental Declaration of Richard W. Simmons of Analytics Consulting LLC (the "Fourth Simmons Decl.") (ECF No. 229).[3] Mr. Simmons, President of Analytics Consulting LLC, attended the March 1, 2022 Hearing at the request of the Court and he and the parties answered further questions about the additional submissions. In addition, during

---

[3] At the January 11 Final Approval Hearing, the Court raised certain issues with the parties, including: (1) whether the Notice Program was the best practicable pursuant to Fed. R. Civ. P. 23; and (2) whether the total value of the Settlement should be based on the benefits made available to the Class. Those issues were addressed in the parties' additional submissions and at the March 1, 2022 Hearing, hopefully to the Court's satisfaction.

2

the March 1, 2022 Hearing, the Court requested that Mr. Simmons submit an updated declaration discussing the final results of the claims process once it was completed. Those results are contained in the Fifth Supplemental Declaration of Richard W. Simmons of Analytics Consulting LLC (the "Fifth Simmons Decl."), submitted concurrently herewith.

During the March 1, 2022 Hearing, the parties provided the Court with computer access to the blank Claim Forms on the settlement website so the Court could experience filling out the forms as would a Settlement Class Member. *See* March 1, 2022 Hearing Transcript, attached as Exhibit A to the Joint Declaration of Janine L. Pollack and Timothy J. Peter in Support of Plaintiffs' Second Supplemental Memorandum of Law in Further Support of Motions for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Reimbursement of Expenses and Service Awards ("Supp. Joint Decl."). In the course of that exercise, with respect to the Tier 1 Claim Form, the Court asked the parties why the website indicated to a potential claimant who stated that he/she did not have documentation (Question 2) that it would be necessary to mail the Claim Form. *See id.* 7:16-8:11. The parties responded that the mailing requirement was a heavily negotiated term through the mediator at the mediation as Defendants took the position that requiring mailing was an important and necessary anti-fraud measure and the only way they would agree to accept undocumented claims. *See id.* The Court indicated that it would consider the mailing issue among others in reaching its conclusion on approval of the Settlement. *See id.* 36:13-17.

After the hearing ended, given the Court's inquiry, Mr. Simmons first informed Ms. Pollack that he believed there were likely Claim Forms in the computer system that were complete

3

and otherwise valid apart from the fact that they were not mailed.[4] *See* Supp. Joint Decl. ¶ 4.  Class Counsel asked Mr. Simmons to investigate and, once Class Counsel received preliminary figures, discussed these unsubmitted Claim Forms with Defendants' counsel.  *See id.* ¶ 5.  Defendants' counsel agreed with Class Counsel that further investigation was warranted.  *See id.*  The results of that investigation caused Class Counsel to request that Defendants renegotiate the mailing requirement term of the Settlement Agreement to accept those claims as valid despite that they were never mailed and were only completed online.  *See id.* ¶ 6.  Specifically, there were a total of 3,913 unmailed Tier 1 Claims that were completed online, are otherwise valid, but were not mailed. *See* Fifth Simmons Decl. ¶ 8.  In addition, there were 30 Tier 1 Claim Forms that were both unsigned and unmailed, and one Tier 1 Claim Form that was unsigned, but that were otherwise valid.  *See id.*; *see also id.* ¶ 17.  Class Counsel negotiated with Defendants' counsel to also accept these claims as valid.  *See* Supp. Joint Decl. ¶ 7.[5]

On March 24, 2022, the parties signed a joint stipulation to amend the Settlement Agreement to include Tier 1 Claim Forms which are valid, but for their not being signed and/or mailed to the Settlement Administrator (the "Stipulation").  *See* Supp. Joint Decl. ¶ 8; *see also id.* at Ex. C.  Parties can renegotiate and amend the terms of a settlement up through the time of final approval provided that the modifications do not limit the rights of settlement class members.  *See e.g., Swetz v. GSK Consumer Health, Inc.*, No. 7:20-cv-04731-NSR, 2021 WL 5449932, at *7 (S.D.N.Y. Nov. 22, 2021); *In re JP Morgan Precious Metals Spoofing Litig.*, No. 1:18-cv-10356, 2021 WL 5998410, at *2 (S.D.N.Y. Dec. 20, 2021).  Given that this amendment only *benefits*

---

[4] These claim forms were reported to the Court and contained in the total number of claimants who visited the "File Your Claim Page."  *See* Fourth Simmons Decl. ¶ 14.

[5] Separate and apart from the foregoing, and the 3,514 valid claims discussed in the Fourth Simmons Decl. ¶ 17, an additional 71 Tier 1 Claims that were initially deficient were later cured. *See* Fifth Simmons Decl. ¶ 10.  The total number of Tier 1 Claims is thus 7,529.  *Id.* ¶ 19.

4

Settlement Class Members, and does not limit their rights in any manner, the parties are permitted to amend the Settlement Agreement. Moreover, the Court can "approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class." *In re JPMorgan Precious Metals Spoofing Litig.*, 2021 WL 5998410, at *2. Here, the parties have consented to the modification (*see* Stipulation) and the modification results in more than doubling the claim rate without any reduction in the amounts that Settlement Class Members will receive. Indeed, the modification solely *approves* additional claims; it does not remove or limit the rights of any Settlement Class Members.

    The parties respectfully submit that accepting the additional Tier 1 claims enhances the value of the Settlement and further reinforces that it is fair, reasonable and adequate to the Class. Waiving the mailing requirement and accepting claims that are otherwise valid but were not mailed resolves concerns that the mailing requirement discouraged claims or depressed the claim rate. Indeed, these new Tier 1 Claim Forms more than double the number of valid Tier 1 claims from 3,514 (*see* Fourth Simmons Decl. ¶ 17) to 7,458, and when the 71 cured Tier 1 claims are added it brings the total of Tier 1 claims to 7,529. *See* Fifth Simmons Decl. ¶ 19. The additional Tier 1 claims plus the cured 71 Tier 1 claims also increase the value of the Tier 1 claims from $105,420 (*see* Fourth Simmons Decl. ¶ 17) to $225,870. *See* Fifth Simmons Decl. ¶ 19. The total amount of Tier 2 money to be distributed to Settlement Class Members is $52,613.81 (*see id.* ¶ 11); and the combined total amount of Tier 1 and Tier 2 monies to be distributed to Settlement Class Members is now $278,483.81. *See id.* ¶ 19.[6]

---

[6] The estimated approximate claim rate as to the number of Class Members has now increased to approximately .97%, which compares favorably to other data breach settlements. *See* Plaintiffs' Supplemental Memo. at 4-5 (collecting claims rates in other consumer data breach class actions, demonstrating approval rates between 0.0002-0.7%).

With the revision of the Settlement Agreement by the parties to accept the additional Tier 1 Claim Forms, the parties respectfully submit that they have materially enhanced the Settlement and the number of claimants who are eligible to receive a Settlement award. As such, taking all the submissions into account, Plaintiffs believe they have demonstrated that the Settlement is fair, reasonable and adequate and should be approved. Importantly, there were no objections or opt-outs, further reinforcing the fairness of the Settlement, and requested attorneys' fees, expenses and Service Awards.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant final approval of the Settlement, approve an award of $1,400,000 in fees and expenses ($1,346,799.40 for attorneys' fees as well as $53,200.60 for Plaintiffs' Counsel's reasonable out-of-pocket expenses), and a $1,000 Service Award to each of the Plaintiffs.

DATED:  March 24, 2022

*/s/ Timothy J. Peter*
Timothy J. Peter (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
1617 JFK Boulevard, Ste. 1550
Philadelphia, PA  19103
Tel: (215) 277-5770
Fax: (215) 277-5771
tpeter@faruqilaw.com


Janine L. Pollack
Michael Liskow
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073

6

jpollack@calcaterrapollack.com
mliskow@calcaterrapollack.com

**Interim Co-Lead Counsel for Plaintiffs and the Class**

**FARUQI & FARUQI, LLP**
Nina Varindani (NV-1090)
685 Third Avenue, 26th Fl.
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
nvarindani@faruqilaw.com

Charles J. Hecht
**CHARLES HECHT P.C.**
45 East 66th Street-Unit 5E
New York, New York 10065
Tel: (917) 533-4442
cjhecht1@aol.com

Anthony Parkhill
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Tel: (312) 621-2000
Fax: (312) 641-5504
a.parkhill@barnowlaw.com

Melissa R. Emert
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY 10977
Tel: (866) 896-0935
memert@kgglaw.com

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com

Jeffrey S. Goldenberg
**GOLDENBERG SCHNEIDER, LPA**
One West Fourth Street, 18th Floor
Cincinnati, OH 45202
Tel: (513) 345-8297
Fax: (513) 345-8294
jgoldenberg@gs-legal.com


Gary Mason
**MASON LIETZ & KLINGER, LLP**
5101 Wisconsin Avenue NW
Suite 305
Washington, DC 20016
Tel: (202) 640-1168
Fax: (202) 429-2294
gmason@masonllp.com


Laurence D. King
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, New York 10022
Tel: (212) 687-1980
Fax: (212) 687 7714
lking@kaplanfox.com


John A. Yanchunis
Ryan Mcgee
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Fax:  (813) 222-4736
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

8

Jean Sutton Martin
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
2018 Eastwood Road Suite 225
Wilmington, NC 28403
Tel: (813) 559-4908
Fax: (813) 222-4795
jeanmartin@forthepeople.com

Mark Rifkin
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
rifkin@whafh.com

Lynda J. Grant
**THE GRANT LAW FIRM**, **PLLC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel: (212) 292-4441
Fax: (212) 292-4442
lgrant@grantfirm.com

Ralph N. Sianni
**ANDERSON SLEATER SIANNI, LLC**
2 Mill Road
Suite 202
Wilmington, DE 19806
Tel: (302) 510-8528
Fax: (302) 595-9321
rsianni@andersensleater.com

Kevin H. Sharp
**SANFORD HEISLER SHARP, LLP**
611 Commerce Street
Suite 3100
Nashville, TN 37203
Tel: (615) 434-7000
Fax: (615) 434-7020
ksharp@sanfordheisler.com

Aaron L. Brody
**STULL, STULL & BRODY**
6 East 45th Street
Fifth Floor
New York, New York 10017
abrody@ssbny.com

Jason P. Sultzer
**THE SULTZER LAW GROUP, P.C.**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 244-5595
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

**Counsel for Plaintiffs and the Class**