UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HUDSON'S BAY COMPANY DATA SECURITY INCIDENT CONSUMER LITIGATION | Case No. 1:18-cv-08472 (PKC) |

[PROPOSED] FINAL JUDGMENT

On July 22, 2021, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF No. 180) of the settlement (the "Settlement") between Plaintiffs Debbie Carthan, Bernadette Beekman, Julia A. Harris, Cassondra Joseph, Margo Kyler Knight, Jane Lefkowitz, Leslie Levitt-Raschella, Kelly Whitaker, Dennis Meduri, Giorgina Meduri, Greta Moss, Alexandria Rudolph, Jeanne Sacklow, Erika Targum, and Mark Wade ("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Defendants Hudson's Bay Company ULC, Saks Incorporated, Saks Fifth Avenue LLC, Saks & Company LLC, and Lord & Taylor LLC ("Defendants"), as memorialized in the Settlement Agreement, which is Exhibit A (ECF No. 177-1) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.[1]

Beginning on September 20, 2021, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Class was notified of the terms of the proposed Settlement Agreement, of the right of Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing.

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

The Court conducted a fairness hearing on January 11, 2022, which was continued to March 1, 2022 to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Therefore, the Court is satisfied that Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs and expenses to Class Counsel, and the payment of service awards to the Representative Plaintiffs.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees and costs and expenses, and the application for service awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing, as more fully set forth in the Court's Memorandum Opinion of June 8, 2022 (ECF No. 239) :

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive. The Court finds that the Parties faced significant risks, expenses, delays and

uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement including all Released Claims, and the plans for implementation and distribution of the settlement benefits. Therefore, all Class Members who have not opted out of the Settlement Class are bound by this Final Approval Order and Judgment, approving the Settlement Agreement.

4. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## **OBJECTIONS AND OPT-OUTS**

5. No objections or opt-outs were filed by Settlement Class Members.

6. Consequently, all Settlement Class Members are deemed to have waived any objections by appeal, collateral attack, or otherwise.

## **CLASS CERTIFICATION**

7. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following class (the "Settlement Class"):

> All persons who used their credit, debit or prepaid debit card (other than a Saks First branded credit card) at a Saks, Saks OFF 5TH, or Lord & Taylor store in the United States and in U.S. territories from May 1, 2017 through April 1, 2018. Excluded from the Class are Defendants, any of their parents or subsidiaries, any entities in

which they have a controlling interest, as well as their current and former officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns. Also excluded are any Judges to whom this case is assigned as well as his or her judicial staff and immediate family members.

8. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Fed. R. Civ. P. 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

9. The Court grants final approval to the appointment of Plaintiffs Debbie Carthan, Bernadette Beekman, Julia A. Harris, Cassondra Joseph, Margo Kyler Knight, Jane Lefkowitz, Leslie Levitt-Raschella, Kelly Whitaker, Dennis Meduri, Giorgina Meduri, Greta Moss, Alexandria Rudolph, Jeanne Sacklow, Erika Targum, and Mark Wade as Representative Plaintiffs. The Court concludes that the Representative Plaintiffs have fairly and adequately represented the Settlement Class and will continue to do so.

10. The Court grants final approval to the appointment of Timothy J. Peter of Faruqi & Faruqi, LLP and Janine L. Pollack of Calcaterra Pollack LLP as Class Counsel. The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE CLASS

11. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Class of the pendency of the Litigation, certification of the Class for settlement purposes only,

4

the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

12. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## ATTORNEYS' FEES AND SERVICE AWARDS

13. The Court has considered Class Counsel's Motion for service awards and for attorneys' fees and costs and expenses of Plaintiffs' Counsel. The Court awards Class Counsel the sum of $897,866.26 as an award of attorneys' fees and $53,200.60 as an award of costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and costs and expenses to be fair and reasonable.

14. The Court denies Class Counsel's request for service awards to the Representative Plaintiffs as further discussed in the Court's Memorandum Opinion of June 8, 2022 (ECF No. 239).

## OTHER PROVISIONS

15. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

16. Within the time period set forth in the Settlement Agreement, the benefits provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, on Approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

17. As of the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, each Settlement Class Member, including each Representative

Plaintiff, is hereby deemed to have, and by operation of this Final Approval Order and Judgment shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged all Released Persons from the Released Claims, and further may not then or thereafter institute, maintain, or assert against any of the Released Persons, either directly, indirectly, on their own behalf or on behalf of any class or other person or entity, any action, regulatory action, arbitration, or court or other proceeding of any kind asserting any Released Claims, and the Settlement Class Members by operation of this Final Approval Order and Judgment shall be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum in which any of the Released Claims is asserted.

As of the Effective Date, the Released Persons are hereby deemed to have, and by operation of this Final Approval Order and Judgment shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged Plaintiffs' Counsel and Representative Plaintiffs from any claims arising from the Litigation, and further may not then or thereafter institute, maintain, or assert any claims against any of the Plaintiffs' Counsel and Representative Plaintiffs, either directly, indirectly, on their own behalf or on behalf of any class or other person or entity, any action, regulatory action, arbitration, or court or other proceeding of any kind asserting any claims arising from the Litigation, including but not limited to claims under Fed. R. Civ. P. 11 or claims for attorneys' fees.

18. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's

fees, costs, interest or expenses that arise out of or relate to the allegations or subject matter of the Litigation and/or Complaint.

Each Settlement Class Member, including each Representative Plaintiff, may not now or hereafter institute, maintain or assert against any of the Released Persons, either directly, indirectly, on their own behalf or on behalf of any class or other person or entity, any action, regulatory action, arbitration, or court or other proceeding of any kind asserting any of the Released Claims, and the Settlement Class Members by operation of this Final Approval Order and Judgment are hereby permanently barred and enjoined from commencing, prosecuting, or participating (as class members or otherwise) in any recovery in any action in this or any other forum arising out of the Released Claims are asserted.

19. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement, are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation. This Final Approval Order and Judgment, the Settlement Agreement, all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Representative Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendants or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval

Order and Judgment (including but not limited to enforce the releases contained herein). The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendants that Representative Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

20. The Court hereby dismisses the Complaint and the Litigation and all claims therein on the merits and with prejudice and without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

21. Consistent with Paragraph 10 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement Agreement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

22. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

23. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

**ENTERED:**

DATED: June 14, 2022

By: _____
The Honorable Kevin Castel
United States District Judge